Dear Mr. Adams:
You have requested an opinion of this office with respect to whether a proposed purchase by the Monroe Housing Authority may take into consideration collateral matters such as the existence of a substantial inventory of General Electric Parts in determining the actual lowest bid, if such intention is made known to the prospective bidders.
The Louisiana Public Bid Law, LSA-R.S. 38:2212-2296 establishes certain requirements pertaining to advertisements and letting of contracts to the lowest responsible bidder. The major goal of the Public Bid Law is to establish a method where all procurement transactions will be conducted in a manner which provides for full and open competition and to limit provisions which may have an anti-competitive effect among bidders.
LSA-R.S. 38:2212 states in pertinent part:
 "A. (1)(a) All public work exceeding the contract limit as defined herein, including labor, materials, and all purchases of materials or supplies exceeding the sum of five thousand dollars to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this part. (Emphasis added)
This section creates a right in the lowest responsible bidder to receive the advertised contract, if any is let as a consequence of the biddings. Therefore it would be inappropriate for the Monroe Housing Authority to eliminate otherwise qualified bidders merely on the basis that they maintain an inventory of General Electric parts. Furthermore, limiting a purchase to a particular name brand will require continuing purchases in the future with respect to that particular brand, and in essence will further stifle competition and violate the goals and purposes of the Public Bid Law.
With respect to limiting solicitations to brand-name items, R.S.38:2212(F) states in pertinent part:
 "(2) Whenever in specifications the name of a certain brand, make, manufacturer or definite specification is utilized, the specifications shall state clearly that they are used only to denote the quality standard of the product desired and that they do not restrict bidders to the specific brand, make, manufacturer or specification named; that they are used only to set forth and convey to prospective bidders the general style, type, character and quality of product desired; and that equivalent products will be acceptable."
In the area of product specifications, the emphasis in the statutory language and the case law is on the quality of the product or material. Such descriptions shall not, in competitive procurements, contain requirements which unduly restrict competition. Under the Public Bid Law, a public entity is allowed, subject to certain restrictions, to specify a particular quality of product desired. However, specifications that may stifle competitive bidding by eliminating products equal to or as good as those specified are in direct violation of the statute.
The Supreme Court of Louisiana, in deciding Louisiana Associated General Contractors, Inc., et al. v. The Calcasieu Parish School Board, 586 So.2d 1354, 1991, at 1365 declared that:
 "A public entity may not impose a product specification which suppresses competition by eliminating products of equal quality."
Such specifications should be drafted so that the goals desired are definitively set forth and yet not be so restrictive as to eliminate competition.
The apparent effect of the Monroe Housing Authority indicating that it has a large inventory of General Electric replacement parts which are available for use places those non-General Electric distributors at an unfair disadvantage by suggesting that the public entity would incur a further expense by having to purchase replacement parts for other types of refrigerators.
In situations where advertising and competitive bidding occurs, detailed product specifications should be avoided if at all possible. "Nevertheless, when product specification is desired, great care must be taken to see that specifications are properly tailored so that the ultimate goal of the system (to promote competition) is not lost." Id. at 1366.
Allowing the Monroe Housing Authority to use bid specifications to solicit only General Electric refrigerators based on the fact that it has a large inventory of replacement parts of that particular name brand available for use would be contrary to public policy and contradict the intent of the statute.
Therefore, it is our opinion that the proposed bid solicitation by the Monroe Housing Authority defeats the purpose behind Louisiana Public Bid Laws by indirectly eliminating a group of bidders who may have an equivalent product, yet lack the General Electric label.
I trust that this answers your inquiry. Please advise if we may be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
00821